IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE WILLIAMS, #A-56081,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv−00048−SMY |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **JOHN DOE,** | ) | |
| **KEVIN KINK,** | ) | |
| **CORIE JONAK,** | ) | |
| **DARREN WILLIAMS,** | ) | |
| **RYAN SCHOON,** | ) | |
| **L. McCARTHY,** | ) | |
| **LT. DIXON,** | ) | |
| **GALEN DELLINGER,** | ) | |
| **DENNIS RUSSELL,** | ) | |
| **CORBS NOVARRETTE,** | ) | |
| **TRAVIS OCHS,** | ) | |
| **SHANAE B. MAYBERRY,** | ) | |
| **MS. KELLY,** | ) | |
| **MS. CECIL,** | ) | |
| **KESSLER,** | ) | |
| **ALLENBRY,** | ) | |
| **GARY WATKINS,** | ) | |
| **MS. BILINSKI,** | ) | |
| **JOHN BALDWIN** | ) | |
| and **CRAWFORD,** | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is now before the Court for a decision regarding the imposition of sanctions. Plaintiff Willie Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Pulaski County Jail, Menard Correctional Center, and Lawrence Correctional Center. (Doc. 1). He requested leave to proceed *in forma pauperis* ("IFP") but omitted material information from his IFP application. (Doc. 2).

1

Specifically, Plaintiff failed to disclose his litigation history, including four lawsuits that were dismissed as frivolous and resulted in "strikes" under 28 U.S.C. § 1915(g).[1] On January 29, 2019, the Court entered an Order denying IFP, after pointing out that Plaintiff's past "strikes" precluded him from proceeding IFP under the circumstances presented in this case. (Doc. 6, p. 5). Plaintiff was ordered to pay the full filing fee for this action and to show cause why the case should not be dismissed with prejudice as a sanction for attempting to commit IFP fraud. (Doc. 6, pp. 5-6). He was warned that failure to comply with the Order by February 19, 2019 would result in dismissal of this action with prejudice. (*Id.*) (citing FED. R. CIV. P. 41(b)).

On February 5, 2019, Plaintiff filed a Response (Doc. 8) and Motion for Voluntary Dismissal (Doc. 7). In both, Plaintiff seeks dismissal of this case without prejudice and without a filing fee. He asserts that he did not intend to mislead the Court when requesting permission to proceed IFP; he simply forgot his litigation history. Plaintiff blames his memory lapse on psychotropic medication that he was required to take at Chester Mental Health Center. Although Plaintiff insists that his omission of past "strikes" was unintentional, he does not claim that his decision to commence this action was unintentional. (*Id.*).

The Court will not impose sanctions against Plaintiff under the circumstances. Plaintiff's request to voluntarily dismiss this case without prejudice and without sanctions will be granted.

---

[1] Public records revealed that Plaintiff incurred four "strikes" within the meaning of 28 U.S.C. § 1915(g) before filing this action. *See Williams v. Mitchell, et al*, Case No. 93-cv-741-WLB (S.D. Ill., dismissed Oct. 6, 1994 as frivolous); *Williams v. Peters, et al*, Case No. 94-cv-365-JPG (S.D. Ill., dismissed March 8, 1995 as frivolous); *Williams v. Inman, et al*, Case No. 94-cv-669-WDS (S.D. Ill., dismissed Feb. 27, 1995 as frivolous); and *Williams v. Reese, et al*, Case No. 96-cv-734-WLB (S.D. Ill., dismissed March 18, 1997 as frivolous). A strike is assessed against a prisoner who files a civil action that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g). He was thus barred from proceeding IFP in this action, unless the Complaint demonstrated that he faces imminent danger of serious physical injury. The Complaint suggested no such thing.

However, the obligation to pay the $400.00 filing fee for this action was incurred at the time Plaintiff filed his Complaint, and he cannot escape this obligation.

## Disposition

**IT IS HEREBY ORDERED** that the Order to Show Cause (See, Doc. 6) is **DISCHARGED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Voluntarily Dismiss the Complaint (Doc. 7) is **GRANTED**. The Complaint and this action are **DISMISSED without prejudice**. This dismissal does not count as another "strike" under 28 U.S.C. § 1915(g). This Order does not preclude Plaintiff from re-filing this suit as a new case. However, Plaintiff is **WARNED** that he will be subject to sanctions, if he omits his litigation history and the fact that he has "struck out" under 28 U.S.C. § 1915(g) from future IFP applications filed in this District.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Party Names (Doc. 5) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The agency having custody of Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If Plaintiff does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its

entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Lawrence Correctional Center, *upon entry of this Order*.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 13, 2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Court**
